UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EPICENTRX, INC.,

           Plaintiff,

v.

COREY A. CARTER,

           Defendant.

Case No. 23-mc-80131-KAW

**ORDER TRANSFERRING MOTION TO COMPEL**

Re: Dkt. No. 1

On April 28, 2023, EpicentRx, Inc. moved to compel Genetech USA, Inc. to appear for a further deposition in compliance with a subpoena served in connection with a pending action in the United States District Court for the Southern District of California, *EpicentRx, Inc. v. Carter*, No. 3:20-cv-01058-JO-DDL. (Dkt. No. 1.) In opposition, Genetech asserts the motion is untimely, having been brought "*five months* after the deposition, and more than *eight months* after the close of fact discovery in the Underlying Action." (Dkt. No. 6-4 at 1.) It further argues that its representative was adequately prepared for the deposition; EpicentRx cannot justify why it needs the information it seeks from Genetech; and EpicentRx is abusing the discovery process. (Dkt. No. 6-4 at 1-2.)

Because subpoenas are governed by Federal Rule of Civil Procedure 45 and Rule 45(f) provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances," on May 30, 2023, the Court ordered Genetech, as the party subject to the subpoena, to indicate whether it objected to transfer of the pending motion to compel to the Southern District of California. (Dkt. No. 28.) Genetech responded that "[i]f the Court finds that extraordinary circumstances are present here or that transfer is otherwise

1  appropriate, … it will not object to the transfer of the pending motion to the Southern District of
2  California." (Dkt. No. 29.)
3        The Court finds that extraordinary circumstances warrant transfer in this case. The
4  Advisory Committee Notes to the 2013 Amendments to Rule 45 explain that "transfer may be
5  warranted in order to avoid disrupting the issuing court's management of the underlying
6  litigation." The docket for the underlying action reveals that discovery has closed; the parties have
7  filed, and the court has denied, motions for summary judgment; and the parties and the court are
8  preparing for trial. Because the outcome of the motion to compel may have a significant impact
9  on the parties' trial preparations, the Court concludes it is best decided in the Southern District.[1]
10 *See In re Subpoena to Kia Motors Am., Inc.*, No. SACV 14-315 JLS (RNBx), 2014 WL 2118897,
11 at *1 (C.D. Cal. Mar. 6, 2014) (finding motion to compel compliance with subpoena was "best
12 decided by the court with control over the discovery cut-off deadline").
13       Accordingly, the Clerk of Court is directed to TRANSFER this case to the Southern
14 District of California for resolution in the pending matter of *EpicentRx, Inc. v. Carter*, No. 3:20-
15 cv-01058-JO-DDL.
16       IT IS SO ORDERED.
17 Dated: June 26, 2023

KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] Additionally, the Court finds that Genetech's pending motions to consider whether another party's material should be sealed are also best addressed by the Southern District given that EpicentRx relies on the protective order in the underlying action to justify sealing.